If there are any amici in the audience, those are good briefs. Assuming that the facility manager 216 determines whether there is a particular indication, Assuming that the facility manager 216 determines whether there is a particular indication, then the fact that the particular indication is not present doesn't have anything to do with whether in Dickinson the message takes the first route to the recipient. And that's because in Dickinson, it's the decision to encrypt at 624 that makes the decision whether to route on the first route. So we're not trying to further limit the first route as the court has construed it. We're just noting that when you go through Dickinson, Dickinson assigns the particular indication at facility manager 216. And it doesn't have anything to do with whether the message is routed to the recipient on a first route, because that is made by the decision to encrypt, which is at 624. On page 25 of the red brief, Sophos identifies what they say is an inconsistency in your argument. First, you argue that the 628 patent is not limited to the figure 3 embodiment. But on appeal, you argue that the figure 3 embodiment illustrates your point. How do you square those two apparently contradictory positions? Your Honor, there are two things going on here. First, the parties aren't disputing what is a particular indication. The parties are disputing where the claims require that particular indication to be. So the 628 specification is clear, and it distinguishes routing based on what's in the message from routing based on the address. And for example, at column 18, 11 through 18, routing can be based on the address, which we do not claim. And if you read that language, it separates out routing based on the address based on routing, rather routing based on what's in the subject or in the message. You can also see those terms distinguished at 2602, which is column 22, 50 to 53. And Your Honor, Dickinson's in accord with that. Dickinson says message heading information generally refers to the message excluding the body and the attachments. Message heading information is the address. It's entirely different. And Sophos doesn't dispute with us that Dickinson routes based on whether there is a registered encryption key that relates to the recipient domain, not what's in the message. And that's at decision 624. You argue at 36 and 37 that in the message excludes information contained in certain fields of the email. Where in the record did you raise that below? It's in the patent, Your Honor. It's in the patent specifically at column 22, 50. The question is not where it is in the patent. The question is where did you raise the issue? We raised it as part of claim construction, Your Honor, because we're trying to, we had a definition of in the message, which is the ordinary definition and meaning. And I believe the parties disputed it in the claim construction briefs, which I am not sure I have here in the record. Let me take it. Did you point to those in your reply brief? Did I point to? The red brief says you didn't raise this issue. And you say, yes, we raised it at the claim construction hearing. Did you make that argument in your reply brief? No, Your Honor. We made other arguments relating to distinguishing the address header from the subject and the body. I'm not sure the red brief did. I asked it from the blue brief because I didn't see where you raised it. No, the red brief doesn't argue that it wasn't properly raised. On page 34 of the blue brief, you say, Dickinson expressly distinguishes the message header, which includes the source and destination address from the message. And Sophos argues that's a misreading. Do you have something to cite to support your argument? No, Your Honor. Dickinson says, quote, message heading information generally refers to portions of the message excluding the body and attachments. And that's at 2624 of the record. It's column 7, lines 31 to 34 of Dickinson. In addition, Your Honor, there are other missing limitations. Messages which aren't in the heading, does not. It does, Your Honor, and that's what we're not disputing. We're not disputing that there may be a particular indication that's not in the heading. How is it that Dickinson doesn't anticipate when it doesn't require that the message be in the heading? It's not limited to that. The policy rules at 216, Your Honor, talk about indications that may be in the body, one or two. But once you walk through the claim limitations of claim 14, claim 14 requires that you determine a particular indication. And if you do that at the manager 216, you have now satisfied that limitation for a particular indication. That's the particular indication. But what determines whether the message is delivered along a first route is not the particular indication from the facility 216. It's actually the decision not to encrypt, which is at 624. And that's why, and we did make this argument in our blue brief at 33. And that's why Dickinson doesn't anticipate, in addition to the fact that the address is separate from the message, and the patentee distinguished that in his spec. And there's also testimony that SOFO cites about that. SOFO cites our expert to say that our expert agrees, but if you look at what SOFO cites, SOFO citing to the record where our expert is saying yes, there may be a particular indication in different areas in the message, in the email, in the address. But our expert is very clear that he distinguishes, and those of skill in the art would distinguish, the subject and the message from the address. So the difference is, looking at the claim language, where is the particular indication satisfied? In Dickinson it's satisfied at 216. Who makes the decision to route through the first route? It's made at 624. Let me direct you to 36 of the red brief, in which, and we're discussing Muldoon at that point. They say, in the district court, our post expressly represented to SOFOs that it would not claim that the asserted claims of the 628 patent are entitled to a priority date earlier than the July 27, 2000 filing date on the face of the patent. And I won't go through all of this, but then there's a letter with an amount of money in it. There's an amended interrogatory response and so on. I want you to discuss that. How can you justify that? Yes, Your Honor. Two points. Number one, the district court failed to decide the case on this asserted waiver issue. It said, putting waiver aside, and that's at 835 of the record. Yes, but I'm talking about direct representation. Yes. Number two, that representation was made before either of the references at issue here were part of the record. And they were served just before the close of discovery. So that representation was made when there wasn't anything that fell into that category of prior art. But once there was, our post relied on them, and SOFOs was not prejudiced because it had the opportunity to respond. Do you want to save the rest of your time? Yes, Your Honor. Thank you. Good morning, Your Honors. May it please the Court, Doug Kline for SOFOs. We have this issue about the invalidation of the claims that weren't asserted here. And the district court had declined to issue a ruling about that. Did you agree that the judgment should be amended to extend only to the asserted claims? Yes, Your Honor. We don't take the position that the unasserted claims are invalid. So whatever this Court feels it might need to do, we tried to clean that up below. And our post opposed that motion. I don't really understand why. But nevertheless, we certainly don't have any objection to this Court affirming it's modified or amending or whatever needs to be done. Otherwise, with respect to the asserted claims, the Court need look no further than the Dickinson reference. There's no dispute. It's prior art. Our post makes some claim construction arguments that are inconsistent with things that it did below. You're saying we don't need to look at Muldoon? No, you don't need to look at Muldoon. Dickinson anticipates the claims that are asserted. The claim construction arguments that our post has made don't overcome distinctions in any event regarding the Muldoon reference. The Dickinson reference. Informative from our post's opening brief, our post itself notes that Dickinson describes a system by which email messages containing certain content or originating from or being transmitted to specified addresses or domains can be automatically encrypted and or filtered before they are transmitted to the recipient. That's all the elements of the claim right there, and that's from our post's opening brief. Our post makes an argument that Dickinson does not disclose the particular indication, and they make that argument for a couple of reasons. They argue that the claims require that the particular indication dictate the special processing, but these are all computer systems, Your Honor. Things go together in an if-then function. If the particular indication is in the email message, then the special processing takes place, just like in the 628 patent. If in one of the embodiments there is a paren rparen in the subject field of the message, then the our post server will perform its registration functions. It's exactly the same way. They also argue that in Dickinson the particular indication is not in the message. Well, of course, Dickinson discloses a content manager, which looks at the content of the message. The language that my friend pointed to from the 628 patent or from Dickinson reference itself, saying it distinguished somehow, we're conflating things. The art distinguishes headers from the body, but not headers from the message. An email message includes fields. There is an address field, a source field, a subject field, and a body field. The claim simply says the message, and in fact the 628 patent itself, this is page 2600 of the appendix, it's column 18 around lines 14 or so of the 628 patent. Alternatively, an our post server might register only those messages having certain destinations, the address field, for example, external to an organization or from certain senders, the source field. So the 628 patent itself acknowledges that within an email message there are fields, address fields, subject fields, body fields, and of course the subject field, which is the primary example in the 628 patent. Our post's expert, Dr. Starati, admitted that's a field, and he doesn't distinguish that from the body for purposes of the patent. So the argument that in the message somehow excludes the address fields, it's incorrect, and even if it were correct, which it's not, the Dickinson reference discloses a content manager that looks at content. Our post also makes an argument that Dickinson fails to disclose the transmitting step required by the claims, as Judge Casper noted below. Figure 6B includes block 630, transmit to specified destination, so there certainly is a transmitting step disclosed in the 628 patent. The District Court explained that the claimed first route does not need to be any particular route, and it does not need to be devoid of any further processing. The District Court opinion, this is the appendix at page 40, Your Honors, Judge Casper dealt with this issue expressly and explained that if every email in the Dickinson patent undergoes some processing, and only some email undergo additional processing, then Dickinson still practices this element, because the first route, as specified in Dickinson, may just contain more process than the first route, as specified in some particular embodiment of the 628 patent. It cannot be the case, Your Honors, that because Dickinson may disclose more than the claimed invention, that it somehow undercuts Dickinson's value. Mr. Kline, I want you to discuss 35 and 36 of the red brief. It sure looks to me, reading the direct quotations on it, that you're saying that you were sandbagged. Which issues are you on? I know that, but I'm concerned about this kind of conduct. Yeah, I understand that, Your Honor. What I would say is, with respect to my friend's comment that we weren't prejudiced in any way, there was a late disclosure of some kind, the supplemental interrogatory response that we're not going to try to get an earlier date than our utility filing, and discovery proceeded along the way. Before the close of fact discovery, there were invalidity contentions served that identified the Muldoon reference. Sophos served its opening invalidity expert report, and Sophos's expert, Dr. Tigger, relied on the Muldoon. Let's characterize Muldoon as intervening prior art, relied on the Muldoon reference as a basis for his invalidity opinion. And in our post's responsive invalidity report, their expert said, I have been told that Sophos is not going to assert a date of priority earlier, and did not respond. So we certainly do take the position that, at that point, our post ought to have been bound by that. It was for the first time on summary judgment briefing that our post began to argue that it was entitled to the priority date of the provisional application. What Judge Casper did, she said, I don't have to get to that. Under cases like tech licensing, she found that we had... And she said, I've looked at the evidence. I've looked at the provisional applications. I've looked at the interrogatory response supplement, where they say they're not relying. So there's no interrogatory evidence about how a person of ordinary skill in the art might rely on that. I've looked at the expert reports, where he said Dr. Cerati was told that they're not going to rely on an earlier date, which is why Dr. Cerati's report omits any evidence that a person of ordinary skill in the art would have found a written description in that provisional application. And she therefore concludes that our post had failed to meet its burden to come forward at that point with evidence. So we certainly think they should have been stopped from asking for an earlier date. Judge Casper, in the management of her court, decided she would look at it on the merits. What about the merits? What is it that wasn't in the provisional? For example, the provisional doesn't disclose encrypting. But that's not a requirement of all the claims. It certainly is within the scope of the claims that are asserted. It's certainly within the scope of Claims 14 and Claim 30. They have an obligation to provide a written description of the full scope of the claims. And certainly encryption is one of those. In any event, as far as the argument is concerned, Your Honor, the legal argument that counsel for our post provided in the summary judgment briefing for the first time, it's focused on one element of one of the claims. It didn't go through any orderly analysis. And there was no evidence. It was just legal argument at that point. Well, there was evidence in terms of the provisional application. Yes, certainly. I agree with that, Your Honor. There's evidence. The provisional application is evidence. But there was no evidence on the question of how a person of ordinary skill would interpret the provisional application on the day it was filed. And would that person conclude that the inventor possessed the invention as it was claimed in the issued patent years later? I have nothing further, Your Honor, if you have more questions. Thank you. Your Honor, what Sophos glosses over is that we're not disputing what the particular indications are. And particular indications in some embodiments may be in the address field. However, in this claim, it requires the particular indication to be in the message. And based on the specific particular indication in the message that is determined, for example, in Dickinson at 216, that has to make the determination to send it on a first route to the recipient. But that limitation is 216 is satisfied when it looks to see if there is a particular indication. So that cannot be the same particular indication that determines the route. Because the route is determined by the decision to encrypt. And that's an entirely different decision than what happens at Policy Manager 216. Okay. Anything further? Nothing further, Your Honor. Thank you. Thank you. I thank both counsel. The case is submitted. That concludes our session for this morning.